## FOURTH DEPARTMENT, MARCH, 1923.

JOHN L. McGANNON, Respondent, v. CORNING AND PAINTED POST STREET RAILWAY, Appellant.

*Negligence — injury to passenger of motor bus through collision induced by discharge of passenger from street car — verdict of jury contrary to evidence.*

Appeal from a judgment of the County Court of Steuben county in favor of the plaintiff, entered in the office of the clerk of said county, on August 26, 1921, upon the verdict of a jury for $300, and also from an order entered April 4, 1922, denying a motion for a new trial.

PER CURIAM: A motor bus, in which plaintiff was a passenger, attempted to pass one of defendant's cars, going in the same direction. It is claimed that in the middle of a block the front vestibule door of the car was opened while the

car was in motion, that a man stepped out, and that the driver of the bus, to avoid hitting the man, turned the bus close to the curb line. The top of the bus collided with a telephone pole, which tipped out over the highway. Had it not so tipped, there would have been no collision. Even though this incident happened in the middle of a block, it is doubtful whether defendant could be said to be negligent. To have, or not to have, doors on a car vestibule, and to keep them open or shut, were matters within defendant's own discretion. It was under no duty in that regard so far as plaintiff was concerned nor was it chargeable with control over the act of the man who is said to have stepped out. Moreover, its agent was not bound in the exercise of ordinary care, to see a vehicle coming from the rear. However, it is clear that the incident did not happen in the middle of a block, but happened at or near a street intersection, which was a regular stopping point for the car. The finding to the contrary by the jury is against the evidence and against the weight of the evidence. The judgment and order appealed from should be reversed on the law and facts, and a new trial granted, with costs to appellant to abide the event. Judgment and order reversed on the law and facts, and a new trial granted, with costs to appellant to abide event. All concur. Davis, J., not sitting.